UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILSON MATHEW KRUEGER, III                                    PLAINTIFF

v.                                      Civil Action No. _____3:20-cv-84-DPJ-FKB_____

UNITED STATES OF AMERICA                                    DEFENDANT

## COMPLAINT

Wilson Mathew Krueger, III files this complaint for damages against the United States of America and states the following in support of his claim.

### PARTIES

1. The plaintiff Wilson Mathew Krueger, III is an adult citizen of Mississippi who resides at 213 Mandarin Drive, Brandon, Mississippi 39047.

2. The United States of America is named as a defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

### JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

3. The Court has jurisdiction over the subject matter of this civil action for damages under the Federal Tort Claims Act pursuant to 28 U.S.C. §§ 1331, 1346.

4. Venue is proper in this judicial district under 28 U.S.C. § 1402 as the plaintiff resides in this district and the acts and omissions complained of occurred in this judicial district.

5. The plaintiff presented his administrative claim to the United States Department of Veterans Affairs pursuant to 28 U.S.C. § 2675 on or about January 17, 2019. The

department failed to make final disposition of the claim within six months after it was filed, and such failure may be deemed a final denial of the claim under the statute.

6. Should it be required, an attorney's certificate compliant with Miss. Code Ann. § 11-1-58 is attached.

FACTS

7. The plaintiff is a U.S. Navy veteran. At all times relevant to this complaint, the plaintiff was an established patient of the Veterans Affairs Medical Center (VAMC) in Jackson, Mississippi.

8. The plaintiff had a history of service-connected spinal injuries. In or around 2014, the plaintiff experienced increasing alternating pain and numbness in his legs and feet, which he reported to providers at VAMC.

9. The medical staff at VAMC referred the plaintiff to the neurosurgery service at an outside hospital, the University of Mississippi Medical Center (UMMC).

10. In late May or early June 2016, the plaintiff experienced a complete loss of sensation in his right leg below the knee.

11. The plaintiff underwent L5-S1 spinal fusion surgery at UMMC on June 8, 2016.

12. In the months following the spinal fusion, the plaintiff continued to complain to VAMC staff that he had increasing pain in his legs and feet.

13. In late January 2017, a pain management doctor at an outside facility referred the plaintiff to a cardiovascular surgeon for suspicion of vascular issues in the plaintiff's legs. The surgeon confirmed peripheral vascular disease and recommended vascular surgery on the plaintiff's right leg.

14. On or about February 25, 2017 (before the operation on his right leg could be performed), the plaintiff presented to the emergency department at VAMC where he was diagnosed with almost total occlusion of the left femoral artery. VAMC transferred the plaintiff to UMMC where he underwent emergency vascular surgery to save his left leg.

15. The plaintiff subsequently underwent popliteal artery bypass in his right leg.

16. The plaintiff has since experienced multiple complicated hospital courses to address complications of peripheral vascular disease in both lower extremities. He has required repeated vascular surgery, reconstructive surgery, and angioplasty on his legs.

17. Before February 25, 2017, VAMC staff did not test or examine the plaintiff for peripheral vascular disease or otherwise consider PVD as a potential diagnosis.

18. The plaintiff has required constant anticoagulant therapy since he was diagnosed with peripheral vascular disease. VAMC has remained the plaintiff's primary care provider. His course of treatment has been complicated by VAMC staff's failure to properly monitor the plaintiff's PT/INR and perform other appropriate tests. VAMC's failure to correctly monitor the plaintiff during anticoagulant therapy led to, among other complications, a tear of the plaintiff's right calf muscle necessitating complicated fasciotomy and reconstruction.

19. The failure of VAMC staff to timely diagnose peripheral vascular disease caused the plaintiff to undergo unnecessary spinal surgery.

20. The delay in treatment due to the failure of VAMC staff to timely diagnose peripheral vascular disease necessitated numerous surgical interventions.

21.  The operations that the plaintiff has undergone because of the failure of VAMC staff to timely diagnose peripheral vascular disease have impaired the plaintiff's mobility.

22. The operations have caused massive scarring and disfigurement to the plaintiff's legs.

23. The failure of VAMC staff to timely diagnose peripheral vascular disease has caused the plaintiff to suffer a loss of income.

### COUNT ONE: MEDICAL NEGLIGENCE

24. The VAMC medical staff breached the applicable standards of medical care by:

   a.  Failing to timely diagnose peripheral vascular disease.

   b.  Failing to consider peripheral vascular disease as a diagnosis in light of the plaintiff's complaints and symptoms.

   c.  Failing to refer the plaintiff to a cardiologist or vascular surgeon.

   d.  Failing to properly monitor PT/INR and otherwise properly monitor the plaintiff during anticoagulant therapy.

   e.  Other acts of negligence to be shown at trial.

25. The breach of the standards of care proximately caused the injuries and damages described in this complaint.

### DAMAGES

26. The defendant's negligence caused, and the defendant is liable for, the following damages:

   a.  Past and future medical expenses

   b.  Past and future pain and suffering

   c.  Past and future mental anguish and emotional distress

    d.   Past and future loss of earnings

    e.   Any other category of compensatory damages available under the law and supported by the evidence.

WHEREFORE, Wilson Mathew Krueger, III seeks judgment against the United States of America in an amount to fully compensate him for his damages.

Dated: February 13, 2020.

Respectfully submitted,

WILSON MATHEW KRUEGER, III

By:    /s/ James M. Priest, Jr.    ,
His Attorney

Of Counsel:

James M. Priest, Jr., MSB # 99352
GILL, LADNER & PRIEST, PLLC
344 Highway 51, Second Floor
Ridgeland, MS 39157
(601) 352-5700
jamie@glplawfirm.com

## CERTIFICATE OF ATTORNEY

I, James M. Priest, Jr., one of the plaintiff's attorneys, hereby certify that I have reviewed the facts of the case and have consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence[1] who is qualified to give expert testimony as to standard of care or negligence and who I reasonably believe is knowledgeable in the relevant issues involved in this particular action, and that I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement/maintenance of this action.

SO CERTIFIED: February 13, 2020.

By: /s/ James M. Priest, Jr. ,
   Plaintiff's counsel

---

[1] Citation is to the state rules of civil procedure and evidence pursuant to the language of Miss. Code Ann. § 11-1-58(1)(a).